USDC FLSD 245B (Rev. 3/01) - Judgment in a Criminal Case



FILED by _____ D.C.
NOV 3 0 2001
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

# United States District Court
## Southern District of Florida
### MIAMI DIVISION

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| | (For Offenses Committed On or After November 1, 1987) |
| v. | Case Number: 1:00-6181-CR-HUCK |
| HENRY HARRY MCFLIKER | |
| | Counsel For Defendant: MARC NURIK, ESQ. |
| | Counsel For The United States: DIANA FERNANDEZ, AUSA |
| | Court Reporter: LARRY HERR |

The defendant pleaded guilty to Count 1,2,3 OF THE SUPERSEDING INFORMATION.
ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offense(s):

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT |
|---|---|---|---|
| 18 USC 1956 (h) | CONSPIRACY TO LAUNDER MONEY | 4/13/00 | 1 |
| 18 USC 371 | CONSPIRACY TO COMMIT PASSPORT AND VISA FRAUD | 4/13/00 | 2 |
| 18 USC 371 | CONSPIRACY TO TRANSPORT STOLEN GOODS | 4/13/00 | 3 |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No. 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
Defendant's Date of Birth: 10/8/45
Deft's U.S. Marshal No.: 55270-004

Defendant's Mailing Address:
5124 NW 57th Way
Coral Springs, Florida 33067

Date of Imposition of Sentence:
November 29, 2001

PAUL C. HUCK
United States District Judge

November 30 ,2001

DEFENDANT: HENRY HARRY MCFLIKER
CASE NUMBER: 1:00-6181-CR-HUCK

## PROBATION

The defendant is hereby sentenced to probation for a term of **FIVE (5) YEARS ON EACH COUNTS 1, 2, 3 TO RUN CONCURRENTLY. SPECIAL CONDITION THAT HE SERVE TWELVE (12) MONTHS OF HOME CONFINEMENT. THE DEFENDANT IS ALLOWED TO WORK TWELVE HOURS A DAY, SEVEN DAYS PER WEEK. THE DEFENDANT IS TO SERVE 1,750 HOURS OF COMMUNITY SERVICE OVER THE FIVE YEAR PERIOD.**

While on probation, the defendant shall not commit another federal, state, or local crime.
The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter.

**The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.**

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

**The defendant shall also comply with the additional conditions on the attached page.**

## STANDARD CONDITIONS OF SUPERVISION

1. the defendant shall not leave the judicial district without the permission of the court or probation officer;
2. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. the defendant shall support his or her dependents and meet other family responsibilities;
5. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. the defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;
7. the defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11. the defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;
12. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: HENRY HARRY MCFLIKER
CASE NUMBER: 1:00-6181-CR-HUCK

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional condition(s) of probation:

The defendant shall participate in the Home Detention Electric Monitoring program for a period of **TWELVE (12) MONTHS**. During this time the defendant shall remain at his place of residence except for employment and other activities approved in advance by the U.S. Probation Officer. The defendant shall maintain a telephone at his place of residence without call forwarding, call waiting, a modem, caller ID, or call back/call block services for the above period. The defendant shall wear an electronic monitoring device and follow the electronic monitoring procedures specified by the U.S. States Probation Officer.

The defendant shall provide complete access to financial information, including disclosure of all business and personal finances, to the U.S. Probation Officer.

The defendant shall maintain full-time, legitimate employment and not be unemployed for a term of more than 30 days, unless excused by the U.S. Probation Officer. Further, the defendant shall provide documentation, including but not limited to, pay stubs, contractual agreements, W-2 Wage and Earnings Statements, and any other documents requested by the U.S. Probation Office.

DEFENDANT: HENRY HARRY MCFLIKER
CASE NUMBER: 1:00-6181-CR-HUCK

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $300.00 | $ | $1,716,259.65 |

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

VICTIMS LIST

| SUBJECT | FRAUD LOSS AMOUNT | RESTITUTION AMOUNT |
|---|---|---|
| AHMAD | $41,000.00 | $41,000.00 |
| ALVARADO | $12,000.00 | $2,000.00 |
| ARANGO | $48,800.00 | $47,800.00 |
| BAZZICHELLI | $5,121,27 | $44,185.80 |
| BRERETON | NONE | $43,400.00 |
| CLAROS | $50,300.00 | $30,300.00 |
| DEVILLIERS, ET AL | $18,090.50 | $18,090.50 |
| DOAN | $25,861.16 | $39,400.00 |
| DOERWALD | $60,841.29 | $157,827.16 |
| DURAO | $11,139.00 | $6,181.00 |
| FLATMAN | $26,900.00 | $22,900.00 |
| FRANCO | $2,973.40 | NONE |
| GUAQUETA | $31,960.96 | $31,960.96 |
| INIGUEZ | $23,000.00 | NONE |
| JUNEJO, GHIASUDDIN | $48,880.00 | $48,880.00 |
| JUNEJO, SHOHABUDIN | $4,400.00 | $4,400.00 |
| KHAN | NONE | $5,200.00 |
| KOVATCHEV | $2,500.00 | $2,500.00 |
| LEIGHTON | $13,418.85 | $26,848.02 |
| LIBERTADOR | NONE | $91,478.50 |
| LUU, CATHERINE | $54,850.00 | $47,850.00 |
| LUU, CLAUDINE | $57,350.00 | $48,950.00 |
| MAHBOOB | $55,715.91 | $45,215.91 |
| MBIGI | NONE | $615,683.58 |
| NIETO | $84,000.00 | $59,000.00 |
| OTTO | $18,711.41 | $16,221.41 |
| RODRIGUEZ | $38,836.00 | $33,286.00 |
| SIPPLI | $11,997.00 | $11,494.00 |
| TARIQ | $18,450.00 | $18,450.00 |
| VAN DER MERWE | $107,417.65 | $107,106.81 |
| VAN MAANEN | $59,650.00 | $56,650.00 |
| TOTAL | $934,164.40 | $1716,259.65 |

DEFENDANT: HENRY HARRY MCFLIKER
CASE NUMBER: 1:00-6181-CR-HUCK

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

    A. Lump sum payment of **$300.00** for the Special assessment is due immediately.
    In addition, the full restitution amount of **$1,716,259.65** is due immediately, but the parties are given permission to file a stipulation containing a payment schedule.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

**The assessment/fine/restitution is payable to the U.S. COURTS and is to be addressed to:**

    **U.S. CLERK'S OFFICE**
    **ATTN: FINANCIAL SECTION**
    **301 N. MIAMI AVENUE, ROOM 150**
    **MIAMI, FLORIDA 33128**

**The assessment/fine/restitution is payable immediately. The U.S. Bureau of Prisons, U.S. Probation Office and the U.S. Attorney's Office are responsible for the enforcement of this order.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.