UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6181-CR-HUCK/BROWN



UNITED STATES OF AMERICA,

    Plaintiff,

vs.

HENRY HARRY McFLIKER,

    Defendant.

## UNOPPOSED MOTION FOR PERMISSION TO TRAVEL

**COMES NOW**, Defendant HENRY HARRY McFLIKER ("Mr. McFliker"), by and through his undersigned counsel, and pursuant to S.D. Fla. L.R. 7.1 and 88.9 hereby moves this Honorable Court, without opposition from the Government, for permission to travel, on the following showing of good cause:

    1.    Mr. McFliker was recently sentenced by the Court to five years probation, with the special condition that he serve twelve (12) months of home detention with electronic monitoring, and that he work 12 hours per day, seven days per week, and serve 1,750 of community service. (Dkt. # 139).

    2.    Further, because Mr. McFliker is also obligated as a condition of his sentence, to continue to repay $1,716,259.65 in total restitution at a rate of $40,000 per month to his former clients, he is permitted to operate his surplus aircraft parts distribution business to generate the revenue necessary for such restitution.

    3.    Since his sentencing in November, Mr. McFliker has fully complied with all conditions of his home detention and electronic monitoring, and has worked an average of 70 hours per week at the aircraft parts distribution business to make his restitution payments, in addition to almost 10 hours per week in community service. As a result, Mr. McFliker, through undersigned counsel, has recently tendered $145,593.55 to the Clerk's office representing more than three months

MIA:162647:1

USA v. McFliker
Case No. 00-6181 CR-Huck/Brown
Defendant Henry Harry McFliker's
Unopposed Motion for Permission to Travel

of restitution payments that have been held in escrow pending entry of the Court's Amended Judgment in a Criminal Case (Dkt. # 139).

4. Mr. McFliker's continued ability to make the $40,000 per month restitution payment is contingent upon his ability to maximize the revenue and profits of his aircraft parts business.

5. As the evidence presented at Mr. McFliker's sentencing hearing showed, the lifeblood of the company is Mr. McFliker's ability to acquire surplus parts at a reasonable price, and resell those parts in the market. To accomplish this, it is necessary that Mr. McFliker conduct a series of parts buying and selling trips over the next several months. These trips are similar in nature to the trips the Court permitted Mr. McFliker to conduct in Canada last October immediately prior to his original sentencing date. (Dkt. ## 121 and 122).

6. If Mr. McFliker is not permitted to conduct these business trips to replenish the company's inventories, the continued viability of the company, and consequently Mr. McFliker's ability to make restitution payments, will be severely compromised.

7. Presently, the Court's Standard Conditions of Supervision do not permit Mr. McFliker to leave the Southern District without permission of the Court. Further, his Special Conditions of Supervision require Mr. McFliker to remain at his residence except for employment or other "activities approved in advance by the U.S. Probation Officer." (Dkt. # 139).

8. Mr. McFliker respectfully requests permission, without opposition from the Government, to conduct five (5) short business trips to purchase and/or sell surplus airplane parts inventories as follows:

    a. Dallas and Oklahoma City -- End of March (4 days)

    b. Brussels and Greece – Middle of June (5 days)

    c. Minneapolis – Middle of August (4 days)

    d. Baltimore – Middle of October (3 days)

    e. Arizona and California –January (4 days).

USA v.McFliker
Case No. 00-6181 CR-Huck/Brown
Defendant Henry Harry McFliker's
Unopposed Motion for Permission to Travel

9. For the trip abroad, Mr. McFliker will also need to have his passport returned to him in advance, which will be surrendered by Mr. McFliker to the Probation Office immediately upon his return.

10. Mr. McFliker further requests that the Court's Order permit him to provide to Probation and the Government the specific itinerary for each trip, including airline, flight numbers, departure and arrival times, lodging, name of vendors/customers, and dates and times of appointments, one week prior to each scheduled trip.

11. Moreover, because of the current state of heightened alert and security related to airline travel, it will be virtually impossible for Mr. McFliker to travel through security screening with his monitoring device, without missing his flights and connections. In addition, on a number of these trips Mr. McFliker will be traveling with business associates while he conducts business related to the aircraft parts business. Such business relations, which are critical to the continued viability of the aircraft parts business, will be severely hampered if not destroyed if Mr. McFliker is forced to undergo extensive searches, screening and monitoring by airport personnel, including the National Guard in their presence.

12. Therefore, Mr. McFliker further requests that the Court grant him permission to have his electronic monitoring device removed on the day of each scheduled trip, on the condition that it be reinstalled by Probation the next business day after his arrival back in the Southern District.

13. Prior to filing this Motion, undersigned counsel contacted Assistant United States Attorney Diana Fernandez, Esq., who indicated that the Government has no opposition to the modifications sought herein .

**WHEREFORE**, Defendant Henry McFliker respectfully requests that his Unopposed Motion for Permission to Travel be granted, that the Court's order permit him to have his passport returned to him, and have his electronic monitoring device removed prior to each trip, for the limited

USA v. McFliker
Case No. 00-6181 CR-Huck/Brown
Defendant Henry Harry McFliker's
Unopposed Motion for Permission to Travel

purpose of conducting this travel, and for such other and further relief as this Honorable Court deems proper.

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by fax and U.S. Mail to: AUSA Diana Fernandez, 500 E. Broward Blvd., 7th Floor, Ft. Lauderdale, FL 33394, this 5th day of March, 2002.

> Respectfully submitted,
>
> **RUDEN, MCCLOSKY, SMITH,**
> **SCHUSTER & RUSSELL, P.A.**
> **Attorneys for Defendant Henry McFliker**
> **200 East Broward Boulevard**
> **Post Office Box 1900**
> **Fort Lauderdale, Florida 33302**
> **Tel: (954) 764-6660**
> **Fax: (954) 764-4996**
>
> and
>
> 701 Brickell Avenue
> Suite 1900
> Miami, FL 33131
> (305) 789-2771 (phone)
> (305) 537-3971 (facsimile)
>
> By: _____
> MICHAEL S. POPOK
> Florida Bar No. 44131
> MARC S. NURIK
> Florida Bar No. 272817

MIA:162647:1                                    4