IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6181-CR-HUCK/BROWN

UNITED STATES OF AMERICA,

vs.

HENRY HARRY McFLIKER, et al.,

      Defendant.

_____/

## DEFENDANT'S UNOPPOSED MOTION
## TO MODIFY CONDITIONS OF PROBATION

COMES NOW, HENRY HARRY McFLIKER, by and through his undersigned counsel hereby moves this Honorable Court, without opposition from the Government, for an Order modifying conditions of his probation by terminating the community service condition and in support thereof states as follows:

1. On November 29, 2001, this Court sentenced Defendant, Henry Harry McFliker, to a period of probation for a term of five (5) years with a special condition that he serve twelve (12) months of home confinement and imposed a condition of one thousand seven hundred and fifty (1,750) hours of community service over the period of probation. In addition, the Court ordered that the Defendant pay restitution in the total amount of $1,716,259.65 in accordance with a Stipulated Monthly Repayment Schedule. *A copy of the Amended Judgment is attached hereto as Composite Exhibit "A."*

2. To date, Mr. McFliker has completed the home confinement portion of his sentence, has made each and every required monthly restitution payment, and according to his probation officer, Terry Levix, has completed approximately three hundred (300) hours of his community service, and complied with all of the terms and conditions of his probation without incident.

FTL:995100:1

3. Mr. McFliker suffers from coronary artery disease, i.e., heart disease, and on December 26, 2002 underwent cardiac catheterization and coronary angiography at Lenox Hill Hospital in New York. The complex, difficult procedure included six stents being placed in Mr. McFliker's right coronary artery and multiple stents, along with balloon angioplasty, in his left circumflex. As noted in the attached letters from Dr. Michael B. Collins, who performed the surgery, and Dr. Seth Baum, Mr. McFliker's cardiologist in Florida, it is highly recommended that Mr. McFliker indefinitely eliminate, or at the very least reduce, the physical, emotional, and psychological stress in his daily activities for his own "safety and well-being." *A copy of Dr. Collins' and Dr. Baum's letters are attached hereto as Composite Exhibit "B."*

4. As the Court may recall from the sentencing, Mr. McFliker requested and obtained permission to work significantly longer hours than normally permitted under house arrest in order to perform the duties at his office necessary to make the significant required restitution in this matter. To date, Mr. McFliker has religiously adhered to the schedule of restitution payments. However, the lengthy workday and accompanying stress, combined with the additional hours required for community service, which Mr. McFliker has performed approximately three hundred (300) hours to date, has taken its toll on Mr. McFliker's health. Mr. McFlicker's doctors adamantly oppose the physical and mental strain placed on Mr. McFlicker in performing the long hours necessary to satisfy the restitution and community service requirements, as it exposes him to a greater risk of further heart disease, including heart attacks.

5. After consultation with Mr. McFliker's probation officer, Terry Levix, and Assistant United States Attorney, Diana Fernandez, it is respectfully requested that this Court terminate the community service portion of Mr. McFliker's sentence for health reasons so that he may continue to work and make restitution, without jeopardizing his health any further. Both Mr. Levix and Assistant United States Attorney Fernandez have indicated that they do not oppose this request.

WHEREFORE, for the foregoing reasons, undersigned counsel respectfully requests that this Court enter an order terminating Mr. McFliker's community service condition portion of the probation sentence and to grant such other relief as deem just and appropriate.

Respectfully submitted,

RUDEN, McCLOSKY, SMITH,
SCHUSTER & RUSSELL, P.A.
Attorneys for Defendant
200 E. Broward Boulevard, 15th Fl.
Fort Lauderdale, FL 33301
Ph. (954) 764-6600 Fax (954) 764-4996

By: _____
MARC S. NURIK
Florida Bar No. 272817

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by U.S. Mail this  5   day of February, 2003:

Diane Fernandez, Esq.
Office of the United States Attorney
500 East Broward Boulevard
Fort Lauderdale, FL  33394

Mr. Terry Levix
United States Probation Officer
United States District Courthouse
299 East Broward Boulevard, #409
Fort Lauderdale, FL  33301

_____
MARC S. NURIK

USDC FLSD 245B (Rev 3/01) Judgment in a Criminal Case

FILED by _____ Page 1 of 5 ___ D.C.
ct
FEB 15 2002
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

# United States District Court
## Southern District of Florida
### MIAMI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | AMENDED (payment schedule amended) **JUDGMENT IN A CRIMINAL CASE** (For Offenses Committed On or After November 1, 1987) |
| v. | Case Number: 1:00-6181-CR-HUCK |
| HENRY HARRY MCFLIKER | Counsel For Defendant: MARC NURIK, ESQ. Counsel For The United States: DIANA FERNANDEZ, AUSA Court Reporter: LARRY HERR |

The defendant pleaded guilty to Count 1,2,3 OF THE SUPERSEDING INFORMATION.
ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offense(s):

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT |
|---|---|---|---|
| 18 USC 1956 (h) | CONSPIRACY TO LAUNDER MONEY | 4/13/00 | 1 |
| 18 USC 371 | CONSPIRACY TO COMMIT PASSPORT AND VISA FRAUD | 4/13/00 | 2 |
| 18 USC 371 | CONSPIRACY TO TRANSPORT STOLEN GOODS | 4/13/00 | 3 |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No. 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
Defendant's Date of Birth: 10/8/45
Deft's U.S. Marshal No.: 55270-004

Defendant's Mailing Address:
5124 NW 57th Way
Coral Springs, Florida 33067

Date of Imposition of Sentence:
November 29, 2001
Certified to be a true and correct copy of the original.
Clarence Maddox, Clerk,
U.S. District Court
Southern District of Florida

_____ Deputy
2/15/02

PAUL C. HUCK
United States District Judge

DATE OF AMENDMENT
February ____, 2002

**Composite Exhibit "A"**

DEFENDANT: HENRY HARRY MCFLIKER
CASE NUMBER: 1:00-6181-CR-HUCK

## PROBATION

The defendant is hereby sentenced to probation for a term of **FIVE (5) YEARS ON EACH COUNTS 1, 2, 3 TO RUN CONCURRENTLY. SPECIAL CONDITION THAT HE SERVE TWELVE (12) MONTHS OF HOME CONFINEMENT. THE DEFENDANT IS ALLOWED TO WORK TWELVE HOURS A DAY, SEVEN DAYS PER WEEK. THE DEFENDANT IS TO SERVE 1,750 HOURS OF COMMUNITY SERVICE OVER THE FIVE YEAR PERIOD.**

While on probation, the defendant shall not commit another federal, state, or local crime.
The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter.

**The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.**

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

**The defendant shall also comply with the additional conditions on the attached page.**

## STANDARD CONDITIONS OF SUPERVISION

1. the defendant shall not leave the judicial district without the permission of the court or probation officer;
2. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. the defendant shall support his or her dependents and meet other family responsibilities;
5. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. the defendant shall notify the probation officer **at least ten (10) days** prior to any change in residence or employment;
7. the defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11. the defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;
12. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

USDC FLSD 245B (Rev 1-01) - Judgment in a Criminal Case                                                            Page 3 of 5

DEFENDANT: HENRY HARRY MCFLIKER
CASE NUMBER: 1:00-6181-CR-HUCK

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional condition(s) of probation:

The defendant shall participate in the Home Detention Electric Monitoring program for a period of **TWELVE (12) MONTHS**. During this time the defendant shall remain at his place of residence except for employment and other activities approved in advance by the U.S. Probation Officer. The defendant shall maintain a telephone at his place of residence without call forwarding, call waiting, a modem, caller ID, or call back/call block services for the above period. The defendant shall wear an electronic monitoring device and follow the electronic monitoring procedures specified by the U.S. States Probation Officer.

The defendant shall provide complete access to financial information, including disclosure of all business and personal finances, to the U.S. Probation Officer.

The defendant shall maintain full-time, legitimate employment and not be unemployed for a term of more than 30 days, unless excused by the U.S. Probation Officer. Further, the defendant shall provide documentation, including but not limited to, pay stubs, contractual agreements, W-2 Wage and Earnings Statements, and any other documents requested by the U.S. Probation Office.

USDC FLSD 245B (Rev 3/01) - Judgment in a Criminal Case                                                                Page 4 of 5

DEFENDANT: HENRY HARRY MCFLIKER
CASE NUMBER: 1:00-6181-CR-HUCK

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $300.00 | $ | $1,716,259.65 |

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

** **MONTHLY REPAYMENT SCHEDULE TO COMPLETE RESTITUTION**

| SUBJECT | RESTITUTION | MO. #1 | MOS. #2-28 | MO. #29 | MOS. #30-41 | MO. #42 |
|---|---|---|---|---|---|---|
| AHMAD | 41,000.00 | 113.48 | 966.96 | 971.60 | 1,074.40 | 914.20 |
| ALVARADO | 2,000.00 | 2,000.00 | | | | |
| ARANGO | 47,800.00 | 132.28 | 1,127.16 | 1,132.57 | 1,252.40 | 1,073.03 |
| BAZZICHELLI | 44,185.80 | 122.27 | 1,041.84 | 1,046.84 | 1,157.60 | 995.81 |
| BRERETON | 43,400.00 | 120.11 | 1,023.48 | 1,028.39 | 1,137.20 | 971.14 |
| CLAROS | 30,300.00 | 83.87 | 714.60 | 718.03 | 794.00 | 675.90 |
| DEVILLIERS | 18,090.50 | 50.06 | 426.60 | 428.65 | 474.00 | 405.59 |
| DOAN | 39,400.00 | 109.04 | 929.16 | 933.62 | 1,032.40 | 881.22 |
| DOERWALD | 115,827.16 * | 4,000.00 | 4,000.00 | 3,827.16 | | |
| DURAO | 6,181.00 | 6,181.00 | | | | |
| FLATMAN | 22,900.00 | 63.37 | 540.00 | 542.59 | 600.00 | 514.04 |
| GUAQUETA | 31,960.96 | 88.43 | 753.48 | 757.10 | 837.20 | 725.07 |
| JUNEJO, Ghia. | 40,880.00 | 113.14 | 964.08 | 968.71 | 1,071.20 | 913.59 |
| JUNEJO, Shoh. | 4,400.00 | 4,400.00 | | | | |
| KHAN | 5,200.00 | 5,200.00 | | | | |
| KOVATCHEV | 2,500.00 | 2,500.00 | | | | |
| LEIGHTON | 26,848.02 | 74.27 | 632.88 | 635.92 | 703.20 | 611.67 |
| LIBERTADOR | 91,478.50 | 253.16 | 2,157.12 | 2,167.47 | 2,396.80 | 2,054.03 |
| LUU, Cath. | 47,850.00 | 132.41 | 1,128.24 | 1,133.65 | 1,253.60 | 1,078.26 |
| LUU, Claud. | 48,950.00 | 135.45 | 1,154.16 | 1,159.70 | 1,282.40 | 1,103.73 |
| MAHBOOB | 45,215.91 | 125.14 | 1,066.32 | 1,071.44 | 1,184.80 | 1,011.09 |
| MBIGI | 615,683.58 | 1,704.13 | 14,518.44 | 14,588.29 | 16,131.60 | 13,814.08 |
| NIETO | 59,000.00 | 163.29 | 1,391.40 | 1,398.08 | 1,546.00 | 1,318.83 |
| OTTO | 16,221.41 | 44.87 | 382.32 | 384.15 | 424.80 | 372.15 |
| TARIQ | 18,450.00 | 51.08 | 435.24 | 437.33 | 483.60 | 406.91 |
| RODRIGUEZ | 33,286.00 * | 92.10 | 784.80 | 788.56 | 872.00 | 751.74 |
| SIPPLI | 11,494.00 | 11,494.00 | | | | |
| V. D. MERWE | 107,106.81 * | 296.26 | 2,525.76 | 2,537.88 | 2,806.40 | 2,400.35 |
| VAN MAANEN | 56,650.00 * | 156.79 | 1,335.96 | 1,342.27 | 1,484.40 | 1,267.22 |
| TOTAL | 1,674,259.65 | 40,000.00 | 40,000.00 | 40,000.00 | 40,000.00 | 34,259.65 |

* FULL RESTITUTION DEPENDENT UPON RETURN OF REMAINING AIRCRAFT PARTS

JAN. 22. 2003  5:10PM    CP   FRONT_DESK                              NO. 991   P. 2



**Lenox Hill
Heart and Vascular
Institute
of New York**

Michael B. Collins, MD
*Associate Chief,
InterventionalCardiology*

January 13, 2003

Henry McFlicker
5124 North West 57th Way
Coral Spring, FL 33067

Dear Mr. McFlicker:

As you know, you underwent diagnostic cardiac catheterization and coronary angiography on 12.26.02 at Lenox Hill Hospital. That study revealed a 60% narrowing in the mid portion of a calcified LAD with a 30% narrowing at the ostium of the calcified circumflex artery. There was an 80% stenosis in the proximal segment of the circumflex with a 70% narrowing of the second obtuse marginal branch. The dominant right coronary artery was heavily calcified and contained a 99% stenosis in its proximal segment with an 80% narrowing in its mid portion. The distal right coronary artery was totally occluded with filling of the distal branches by collaterals from the left coronary artery. A left ventricular angiogram was not performed because the left ventricle was known to be normal from a prior study of 10.16.02 performed at Northridge Medical Center in Fort Lauderdale, Florida.

Percutaneous coronary intervention was performed with recanalization of the occluded distal right coronary artery. Subsequently, six stents were placed from the crux all the way back to the ostium. As I am sure you recall, this procedure was very time consuming and difficult. Ultimately an excellent angiographic result was obtained. There was a residual, lengthy 70% narrowing in the proximal segment of the lateral left ventricular branch of the right coronary artery. There was brisk antegrade flow through the lateral left ventricular branch as well as in the posterior descending branch. It was felt not to be prudent to attempt further intervention on the lateral left ventricular branch at that time.

You returned to the cath lab on 12.30.02. Right coronary angiography demonstrated patency of all stents with no change in the appearance of the distal branches. The circumflex artery was treated by percutaneous coronary intervention. Three stents were placed in the proximal, middle and distal segments of the circumflex and the first obtuse marginal branch was dilated by balloon angioplasty. An excellent angiographic result was obtained.

Lenox Hill Hospital
130 East 77th Street
New York, NY 10021
Tel: 212 434 2606
Fax: 212 434 2610

**Composite
Exhibit "B"**



**Henry McFlicker** 2

Following these interventional procedures, it was decided to manage you medically. You are left with significant residual disease in the mid portion of the LAD as well as in the lateral left ventricular branch of the right coronary artery. You are returned to the care of Dr. Baum for further medical management. Based on the residual disease in the LAD and RPLS, it is my opinion that stress either physical or emotional in origin would put you at significant risk for an ischemic event. I strongly urge you to eliminate or curtail any such activities. This is for your own safety and well-being.

If you have any questions regarding this, please don't hesitate to contact me.

Sincerely,

*Michael B. Collins*

Michael B. Collins, MD

MBC/ck

Lenox Hill Heart and Vascular Institute

PAGE 2/2 ' RCVD AT 1/13/2003 10:34:12 AM [Eastern Standard Time] ' SVR:FTLFAX/8 ' DNIS:4632 ' CSID:0 ' DURATION (mm-ss):01-59
Case 0:02-cv-60673-WPD Document 155 Entered on FLSD Docket 02/06/2003 Page 11 of 12
01/13/2003 10:53 3679931 PAGE 01



# Integrative Heart Care

SETH J. BAUM, M.D., F.A.C.C.
Diplomate American Board of Clinical Cardiac Electrophysiology
Diplomate American Board of Cardiovascular Disease
Diplomate American Board of Internal Medicine

January 7, 2003

Mr. Henry McFlicker

Dear Mr. McFlicker:

This is just to reiterate our discussion regarding your quite extension procedures. As you know, you had complex angioplasty and stenting done on the right coronary artery and left circumflex coronary arteries last week. I discussed your procedure at great length with Dr. Michael Collins. This was one of the most difficult procedures he has ever done. He placed six stents in your right coronary artery and multiple stents in the left circumflex as well. You are still left with some disease in the posterolateral branch of the right and in the left anterior descending coronary artery as well.

I feel you should definitely lighten your workload indefinitely. Stress can certainly be a factor in the progression of coronary artery disease and you should do everything in your power to limit your risk factors for atherosclerotic heart disease.

If there is anything I can do further to help you, please do not hesitate to contact me.

Sincerely,

Seth J. Baum, MD, F.A.C.C.
SJB/al

2300 Glades Road • Suite 305 East
Boca Raton, FL 33431
Tel: (561) 367-8155 • Fax: (561) 367-9931

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6181-CR-HUCK/BROWN

UNITED STATES OF AMERICA,

v.

HENRY HARRY McFLIKER,

    Defendant.
_____/

**ORDER ON DEFENDANT'S UNOPPOSED
MOTION TO MODIFY CONDITIONS OF PROBATION**

THIS CAUSE came before this Court on Defendant's Unopposed Motion to Modify Conditions of Probation. The Court having considered said Motion, it is hereby

ORDERED and ADJUDGED that Defendant's Unopposed Motion to Modify Conditions of Probation is GRANTED. Defendant, Henry Harry McFliker, is hereby released from the community service portion of his probation.

DONE AND ORDERED at Miami, Miami-Dade County, Florida this ____ day of February, 2003.

                                                PAUL C. HUCK
                                              United States District Judge

cc:    Marc S. Nurik, Esq.
        AUSA Diane Fernandez
        U.S. Probation Officer Terry Levix

FTL:995478:1